## UNITED STATES of America, Plaintiff–Appellee,

v.

## Judy Scharnhorst BROWN, Defendant–Appellant.

No. 99–50729.
D.C. No. CR 98–00219 NAJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2000.

Decided Feb. 20, 2001.

---

Before BOOCHEVER, TROTT, and BERZON, Circuit Judges.

## MEMORANDUM *

Judy Scharnhorst Brown ("Brown") appeals convictions for mail fraud, bankruptcy fraud, abetting perjury and conspiracy. The convictions are based on a scheme to defraud homeowners, lenders, and the courts by listing false deeds of trust in bankruptcy petitions in order to frustrate foreclosure proceedings. As the parties are familiar with the facts, we do not recite them here.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

## DISCUSSION

### I.  Sufficiency of the Evidence

Brown argues that none of the convictions is supported by sufficient evidence. "Sufficient evidence exists to support a conviction when, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Coleman*, 208 F.3d 786, 792–93 (9th Cir. 2000) (quotation marks omitted).

### A.  Mail Fraud (Counts 2–6, 8, 10, and 11)

■ Counts Two through Eleven charge Brown with mail fraud in violation of 18 U.S.C. § 1341 and aiding and abetting mail fraud in violation of 18 U.S.C. § 2. The jury convicted Brown of all mail fraud counts except Seven and Nine.

■ Brown contends that her mail fraud convictions cannot stand because she did not actually defraud any of the homeowners who contracted for her services. Even if Brown did not defraud these homeowners, however, sufficient evidence establishes that she defrauded the bankruptcy courts and the lenders (as discussed below) by orchestrating the execution and filing of bogus deeds of trust. The fact that the predicate mailings involved communications between Brown and the homeowners (*i.e*, solicitations from Brown and checks from the homeowners) does not undermine the mail fraud conviction. For purposes of mail fraud, the predicate mailings need only be incidental to an essential part of a fraudulent scheme. *See United States v. Schmuck*, 489 U.S. 705, 710–11, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). Here, a rational jury could find that the predicate mailings between Brown and the homeowners were incidental to an essential part of Brown's scheme to file bogus liens in bankruptcy court and frustrate the lenders' attempts to foreclose on the properties.

■ Brown also argues that the mail fraud convictions must be overturned because insufficient evidence supports a finding that she believed her scheme was fraudulent. The crime of mail fraud includes the element of intent to defraud. *See United States v. Lothian*, 976 F.2d 1257, 1267 (9th Cir.1992). "Knowledge of fraudulent purpose, as an aspect of intent to defraud, need not be shown by direct evidence, but may also be established by circumstantial evidence." *Id.*

■ The Government introduced evidence that Brown: (1) falsely assured homeowner Arthur Aronson that her scheme was legal, (2) falsely told homeowner Joseph Joyner that his payments to Brown would be applied to his mortgage debt, (3) misleadingly told homeowner James Lundberg that the scheme would allow him to stay in his home "indefinitely," and (4) misleadingly stated in a postcard to homeowner Elizabeth Howard, "I can save your property and credit ." Even if these statements could be considered literally true, as Brown argues, a rational jury could find that Brown falsely implied she could achieve the results by lawful and legitimate means. Moreover, sufficient evidence establishes that Brown instigated the execution and recording of false deeds in furtherance of the scheme, which belies her professed belief that the scheme was legitimate.

Accordingly, we hold that sufficient evidence supports Brown's convictions for eight counts of mail fraud in violation of 18 U.S.C. § § 1341 and 2.

### B.  Bankruptcy Fraud (Count 12)

■ Brown argues that insufficient evidence supports her conviction under

Count Twelve. Count Twelve charges Brown with filing, and aiding and abetting the filing of, bankruptcy petitions in furtherance of a scheme to defraud in violation of 18 U.S.C. §§ 157 and 2. Brown contends that, because debtors may legitimately file for bankruptcy to delay foreclosure proceedings, her use of bankruptcy's automatic stay for this same purpose did not defraud the lenders. However, unlike legitimate bankruptcy petitions, the petitions instigated by Brown were based on fictitious deeds of trust. Sufficient evidence establishes that Brown participated in the execution of these fictitious deeds of trust and the bankruptcy petitions based on the fictitious deeds. A rational jury could conclude, based on this evidence and the evidence of false or misleading statements discussed above, that the bankruptcy petitions instigated by Brown were made in furtherance of a scheme to defraud the homeowners and their lenders.[1]

Accordingly, we hold that sufficient evidence supports the conviction under Count 12 for bankruptcy fraud in violation of 18 U.S.C. §§ 157 and 2.

### C. False Statements (Counts 13 and 14)

■ Brown argues that insufficient evidence supports her convictions under Counts Thirteen and Fourteen. Counts Thirteen and Fourteen charge Brown with aiding, abetting, and procuring the making of false statements under penalty of perjury in a bankruptcy case in violation of 18 U.S.C. §§ 152(3) and 2. These counts charge that Brown counseled Belinda Waggoner to falsely claim in a bankruptcy petition that she possessed deeds of trust, given to secure two debts of $10,000, on

the homes of Elizabeth Howard and Arthur Aronson.

The Government presented evidence that Brown directed Howard and Aronson to execute deeds of trust which purportedly conveyed interests in their property to Belinda Waggoner in exchange for $10,000 loans that were never made. These deeds were patently false and were made for the express purpose of submitting them to the bankruptcy court in connection with Waggoner's bankruptcy petition. Brown's procurement of these deeds was integral to and, therefore, aided and abetted, Waggoner's filing of a bankruptcy petition (under penalty of perjury) that falsely listed the deeds as legitimate assets. The deeds also substantially aided and abetted Waggoner's concededly false testimony (given under oath at the creditors meeting under 11 U.S.C. § 341) aimed at persuading the bankruptcy trustee that the deeds reflected legitimate debts.

Accordingly, we hold that sufficient evidence supports the convictions under Counts Thirteen and Fourteen for aiding, abetting, and procuring the making of false statements in a bankruptcy case in violation of 18 U.S.C. §§ 152(3) and 2.

### D. Conspiracy (Count 1)

Brown argues that insufficient evidence supports Count One. Count One charges Brown with conspiracy to commit the offenses charged in Counts Two through Fourteen, in violation of 18 U.S.C. § 371. As discussed above, sufficient evidence was presented at trial to establish that Brown, in cooperation with others, intentionally committed each of the crimes charged as objects of the conspiracy. The same evi-

---

1. Brown also contends that insufficient evidence supports a finding that she believed her scheme was fraudulent. For the same reasons that this argument failed in connection with the mail fraud convictions, it fails in connection with the bankruptcy fraud conviction.

dence supports her conviction for conspiracy to commit those crimes.

Accordingly, we hold that sufficient evidence supports the conviction under Count One for conspiracy in violation of 18 U.S.C. § 371.

## II. Jury Instruction

■ Brown maintains that the district court erroneously refused her request for an instruction on specific intent. The district court gave the Ninth Circuit Model Jury Instructions which define "intent to defraud" as "an intent to deceive or cheat." 9th Cir.Crim. Jury Inst. 8.26.1 & 3.15 (1997). We review a district court's formulation of a jury instruction for abuse of discretion. *United States v. Ortega*, 203 F.3d 675, 684 (9th Cir.2000). Brown argues that the district court was required to instruct the jury that Brown must have specifically intended to break the law. However, we have approved the use of the Ninth Circuit Model Instructions regarding specific intent to defraud over objections nearly identical to Brown's. *See United States v. Johnson*, 956 F.2d 197, 199–200 (9th Cir.1992).

Accordingly, we hold that the district court did not abuse its discretion in refusing Brown's specific intent instruction.[2]

## IV. Sentencing

■ Brown argues that the district court clearly erred in determining the amount of loss due to fraud for purposes of sentencing. Based on evidence of checks deposited into Brown's bank account from the homeowners, the court determined that Brown's fraudulent scheme resulted in a loss of $45,935. A district court's findings of fact underlying a sentence are

reviewed for clear error. *United States v. Sayakhom*, 186 F.3d 928, 946, *amended by* 197 F.3d 959 (9th Cir.1999), *cert. denied*, 528 U.S. 1179, 120 S.Ct. 1216, 145 L.Ed.2d 1117 (2000).

Brown contends that the district court erred by failing to offset the value attributable to the lawful services Brown provided to the homeowners. Any lawful services, however, only had value as a result of the fraudulently obtained bankruptcy stays, and were themselves incidental to one of the objects of the fraud, which was to frustrate the legitimate efforts of creditors to effect timely and orderly foreclosures. Though the value of legitimate services may be credited against losses due to fraud, "if the 'value' to the victim is merely a part of the fraudulent scheme, the defendant is not entitled to credit." *Sayakhom*, 186 F.3d at 946–47.

Accordingly, we hold that the district court did not clearly err in its determination that the amount of loss due to fraud was $45,935.

## V. Ability to Pay Fine.

■ Finally, Brown argues that the district court clearly erred in finding that she was able to pay the $30,000 fine. Brown bore the burden of establishing her inability to pay the fine. *See United States v. Ladum*, 141 F.3d 1328, 1344 (9th Cir.1998). "This burden is not met if the evidence presented by the defendant merely creates a conflict in information before the court." *Id.* (quotation marks omitted). This describes precisely the state of the evidence before the district court regarding Brown's financial circumstances.

---

**2.** Brown also seeks to overturn the jury verdict on the grounds that (1) the Government purposefully elicited perjured testimony from a witness, and (2) the bankruptcy fraud statute is vague, overbroad and unconstitutionally retroactive. These arguments are meritless.

Accordingly, we find the district court did not clearly err in finding that Brown was able to pay the $30,000 fine.

AFFIRMED.